UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1563
_____

UNITED STATES OF AMERICA

v.

NIKOS SANTA,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-12-cr-00108-001)
District Judge: Honorable Eduardo C. Robreno

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 24, 2013

Before:   CHAGARES, VANASKIE, and SHWARTZ, *Circuit Judges.*

(Opinion Filed:  November 20, 2013)

_____

OPINION

_____

VANASKIE, *Circuit Judge.*

Appellant Nikos Santa pled guilty to possession of a firearm by a convicted felon

in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), but reserved the right to appeal the

District Court's denial of his motion to suppress.  Because we agree with the District

Court that the police obtained consent to search the backpack in which the firearm was found, we will affirm.

I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

At approximately 6:30 p.m. on December 23, 2011, in Philadelphia, Santa was driving a white van belonging to his girlfriend, Yolanda Veira, who accompanied him in the front passenger seat. Police Officer David DeCrosta, who was alone on patrol, saw the white van run a stop sign. DeCrosta conducted a traffic stop, and as he walked towards the van, he saw Santa place an unknown object near the front passenger floor of the vehicle.

DeCrosta requested Santa's driver's license and registration. Santa, unable to produce identification of any kind, instead provided DeCrosta with false names. After confirming that the names were false, DeCrosta removed Santa from the van and advised him that DeCrosta could bring him to the police station for fingerprinting to determine his identity. DeCrosta then placed Santa, without handcuffs, in the back of the police vehicle. A few moments later Santa admitted that his name was Nikos Santa. A computer check of that name revealed an outstanding bench warrant. DeCrosta arrested and handcuffed Santa, keeping him in the police vehicle.

Upon returning to the van, DeCrosta saw an open school bag on the front passenger floor between Veira's feet. He asked Veira what Santa had placed into the bag. She claimed that she did not know and said the bag belonged to her daughter.

2

DeCrosta asked Veira if he could look in the bag. He explained that he did not have a warrant, and that Veira was not legally obliged to provide consent. Veira orally consented and then signed a written consent to search form. DeCrosta then searched the bag and found a .38 caliber revolver loaded with two live rounds of ammunition.

At the suppression hearing, Veira testified that she had signed the consent form because of threats and coercion, in direct contradiction of her previous testimony under oath before the grand jury. The District Court found her testimony not credible, instead credited DeCrosta's testimony, and concluded that Veira's consent was entirely voluntary.

II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291.

Santa contends that the police conducted a warrantless search of the backpack in his vehicle without probable cause and that no exception to the warrant requirement existed, thus violating his rights under the Fourth and Fourteenth Amendments. "We review a District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise plenary review over the District Court's application of the law to those facts. A District Court's determination of consent to search is a finding of fact." *United States v. Lockett*, 406 F.3d 207, 211 (3d Cir. 2005) (internal citations omitted).

Having carefully reviewed the matter, we conclude that the record supports the District Court's finding that Santa's passenger, who was also the owner of the

3

automobile, voluntarily gave the police oral and written consent to search the contents of the backpack in which the gun was found.  Accordingly, the denial of Santa's motion to suppress was proper.  *See United States v. Price*, 558 F.3d 270, 277 (3d Cir. 2009) ("'It is . . . well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent.'" (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973)).

III.

For the foregoing reasons, we will affirm the District Court's judgment.